UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MATTHEW TYRA,                           )
                                        )
             Plaintiff,                 )
                                        )
      v.                                )      No. 2:26-cv-00040-JPH-MG
                                        )
WABASH VALLEY CORRECTIONAL              )
STAFF,                                  )
                                        )
             Defendant.                 )

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Matthew Tyra is a prisoner currently incarcerated at Wabash

Valley Correctional Facility ("Wabash Valley"). He filed this civil action against

"Wabash Valley Correctional Staff" alleging that money was stolen from his legal

fund. Because the plaintiff is a "prisoner," this Court must screen the complaint

before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Tyra's factual allegations, summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Tyra alleges that he received goods from his mother and had thousands of dollars stolen from his legal fund. Dkt. 1 at 1. He mentions that "goods were possessed" and mentions an intoxicating substance and an Indiana Code section. *Id.* at 2. He states he was not read rights before detoxing, was not under the influence, and his "life could've been taken." *Id.* (cleaned up). Mr. Tyra may have received a conduct report. It is unclear what relief Mr. Tyra seeks.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed. A complaint that is wholly insubstantial does not invoke the district court's subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Even liberally construing the complaint, this Court cannot discern within it any nonfrivolous federal claim against any defendant.  *See Sanders-Bey v. United States*, 267 Fed. Appx. 464, 465 (7th Cir. Feb. 25, 2008) (dismissing for lack of jurisdiction a complaint that "appear[ed] to simply reference a panoply of random federal laws"); *cf. United States ex rel.*

2

*Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward."). As presented, this case is frivolous and must be dismissed on that basis. *See Lee v. Clinton,* 209 F.3d 1025 (7th Cir. 2000).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to Show Cause

The plaintiff's complaint must be dismissed for the reason set forth above.  The plaintiff shall have **through July 9, 2026,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis,* 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**SO ORDERED.**

Date: 6/23/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

MATTHEW TYRA
242227
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only